## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**JASON ODUM**
**ADC #134272**                                                         **PLAINTIFF**

v.                              No. 5:13-cv-241-DPM-JTR

**RAY HOBBS, Director, ADC;**
**JIMMY BANKS, Warden, Varner Unit, ADC;**
**JOE PAGE III, Assistant Warden, Varner Unit,**
**ADC; CURTIS MEINZER, Deputy Warden,**
**Varner Unit, ADC; RICHARD THROWER,**
**Correctional Sergeant, Varner Unit, ADC**            **DEFENDANTS**


### ORDER

1.    Odum has filed this *pro se* § 1983 action alleging that defendants violated his constitutional rights at the Varner Unit of the Arkansas Department of Correction ("ADC"). № 2 & 6. The Court must screen Odum's allegations. 28 U.S.C. § 1915A.

2.    Odum has stated viable § 1983 claims that (a) Thrower used excessive force against him, (b) Hobbs, Banks, Page, and Meinzer failed to protect him from Thrower's improper use of force, and (c) all five defendants retaliated against him. They will therefore be served.

3.      The Clerk is directed to prepare a summons for Hobbs, Banks, Page, Meinzer, and Thrower. The U.S. Marshal is directed to serve the summons, complaint, amended complaint, and this Order on them through the ADC Compliance Division without prepayment of fees and costs or security therefor.  If any of the defendants are no longer ADC employees, the individual responding to service must file the unserved defendant's last known private mailing address under seal.

4.      Odum also alleges that all five defendants violated his procedural due process rights during his disciplinary proceeding.  Odum however did not have a constitutional right to due process during that disciplinary proceeding because he did not have a liberty interest in avoiding temporary placement in punitive isolation, *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010), or maintaining his classification level, *Carney v. Houston,* 33 F.3d 893, 894 (8th Cir. 1994).  His due process claim is therefore dismissed without prejudice.

5.      Odum's motion for a preliminary injunction, № 3, is denied because he has failed to demonstrate irreparable harm or probable success on

the merits of any of his claims. *Arnzen v. Palmer*, 713 F.3d 369, 372 (8th Cir. 2013). The surviving claims are plausible; but the Court cannot say at this point that Odum is likely to prevail.

6.     An *in forma pauperis* appeal of any portion of this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

  8 October 2013  

-3-